In the Matter of the Application of BURROUGHS & BROWN, Attorneys, Appellants, for the Fixing of a Reasonable Counsel Fee as Attorneys of Record for the Plaintiff in the Case of CHARLES T. DAVIS, Plaintiff, v. FREDERICK T. KELSEY and Others, Defendants; CHARLES T. DAVIS, and AUSTIN S. DAVIS, as Trustee for CHARLES T. DAVIS under the Correction Law, and Another, Respondents.— Order dismissing the amended petition reversed on the law and the facts, with costs, and matter remitted to the Special Term for a hearing upon the amended petition and the answers, for a determination of the reasonable value of the petitioners' services rendered to the successive plaintiffs, and for a decree establishing a lien in favor of the petitioners for such amount, upon the proceeds of the settlement of the action, received by Charles T. Davis and his trustee, Austin S. Davis. In our opinion the petitioners did not lose their lien by reason of the substitution of a new attorney in their stead, which was with the consent of the plaintiff; there was no waiver of their lien by reason of the assignment executed by Charles T. Davis and delivered to the petitioners in November, 1928 [1929], being respondents' Exhibit A; and, in view of the fact that Davis has a right to revoke the trust given the Cleveland Trust Company, which now holds the proceeds of the settlement,

* Affd., 263 N. Y. 649.

the petitioners' lien, when established, will attach to said trust fund, if any part thereof is necessary to satisfy the petitioners' lien. Young, Hagarty and Tompkins, JJ., concur; Davis, J., with whom Lazansky, P. J., concurs, dissents, with the following memorandum: The lien attempted to be asserted by petitioners has been waived, lost and abandoned. The petitioner Brown, the surviving partner of the firm of Burroughs & Brown, voluntarily ·withdrew as attorney for the plaintiff while the action was still pending and before judgment therein or settlement thereof by agreement of the parties; and subsequent proceedings were conducted by other attorneys. Before severing his connection with the case formally and finally he prepared an instrument reciting the nature of the services he had rendered, and the services of two other lawyers who had been retained as counsel in various capacities. In the case of one, the value of the services was agreed upon; in the case of petitioner and the other attorney the value of their services was not fixed, but that sum and the amount of disbursements were left for future determination. The instrument assigned as security certain sums in prospectu which were to be paid to plaintiff's trustee; and certain shares of stock. It appears that no part of the security thus given was involved in the action, but arose or would arise from different sources, or at most only a part of the property was so involved indirectly. At the time it was impossible to make manual delivery of the property assigned, but plaintiff was entitled to the possession thereof when it came to the possession of plaintiff or his trustee. This instrument was in the language of the petitioner except for slight changes made by the plaintiff before attaching his signature. It amounted to an assignment of new and independent security for the payment for services already rendered and completed, the value of which had not been agreed upon or liquidated. There was in it or elsewhere no reservation of an attorney's lien. It was under these circumstances that the petitioner withdrew from the case and turned the further conduct thereof over to another. He acted with knowledge of the facts although he says he was ignorant in respect to his legal rights. These facts, I think, indicate conclusively a relinquishment of the attorney's lien given by statute. (Judiciary Law, § 475.) The petitioner has a right to recover for the value of services rendered and has security for the payment thereof. I think he has mistaken his remedy. Settle order on notice.